US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 19 2013

CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| DAVID LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 13-2200 |
| | ) |
| REVENUE MANAGEMENT | ) |
| CONSULTING GROUP, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, DAVID LEWIS, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, REVENUE MANAGEMENT CONSULTING GROUP, LLC, the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. DAVID LEWIS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Ft. Smith, County of Sebastian, State of Arkansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to BMD (hereinafter, "the Debt").

1

6. The debt that Plaintiff allegedly owed BMD was for a payday loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. REVENUE MANAGEMENT CONSULTING GROUP, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of Georgia.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.  ALLEGATIONS

14. On or about April 11, 2013, Plaintiff received a telephone call from Defendant in an attempt to collect the Debt.

15. During the aforementioned telephone call between Defendant and Plaintiff, Defendant informed Plaintiff that the Debt was for a payday loan that Plaintiff had obtained from BMD.

16. Plaintiff told Defendant that he had never obtained a loan from BMD.

17. In response, Defendant told Plaintiff that if Plaintiff refused to pay the Debt, Defendant would "personally come to his work and serve him with a lawsuit."

18. Upon information and belief, Defendant initiated the telephone call to Plaintiff from its offices located in Georgia.

19. Defendant's aforesaid statement, that it would "personally come to his work and serve him with a lawsuit" was false given that Plaintiff's place of employment is located in Arkansas, whereas Defendant's offices are located in Georgia.

20. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the Debt.

21. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

22. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

23. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

24.     During the aforementioned telephone call between Defendant and Plaintiff, Defendant also told Plaintiff that if he failed to pay the Debt he would be "charged with check fraud."

25.     Defendant's representation that Plaintiff would be "charged with check fraud" had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the Debt.

26.     Plaintiff had not engaged in criminal conduct with respect to the Debt.

27.     Defendant's representation that Plaintiff would be "charged with check fraud" was false, deceptive and/or misleading given that Plaintiff had not engaged in the aforesaid conduct relative to the Debt.

28.     Defendant's representation that Plaintiff would be "charged with check fraud" relative to the debt on which it was attempting to collect misrepresented the character, status and/or legal nature of the Debt.

29.     Defendant's representation that Plaintiff would be "charged with check fraud" was a statement made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

30.     At the time Defendant was attempting to collect the Debt from Plaintiff, Plaintiff was residing in the State of Arkansas.

31.     At the time Defendant was attempting to collect the Debt from Plaintiff, Defendant was attempting to collect a Debt from Plaintiff while he was residing in the State of Arkansas.

32.     At the time Defendant was attempting to collect the Debt from Plaintiff, there was in full force and effect a statute in the State of Arkansas that requires that all debt collectors

collecting debts in the State of Arkansas be licensed by the Arkansas State Board of Collection Agencies.

33. At the time Defendant was attempting to collect the Debt from Plaintiff, Defendant was not licensed by the Arkansas State Board of Collection Agencies.

34. Defendant is not licensed by the Arkansas State Board of Collection Agencies.

35. Defendant's attempts to collect the Debt from Plaintiff in the State of Arkansas were unfair and/or unconscionable given that at the time Defendant attempted to collect the Debt from Plaintiff, Defendant was neither licensed nor permitted to collect the Debt from Plaintiff as required by Arkansas state law.

36. Defendant's representations to Plaintiff that he had to pay the Debt to Defendant, as delineated above, were false, deceptive and/or misleading given that at the time Defendant represented to Plaintiff that he had to pay the Debt to Defendant, Defendant was neither licensed nor permitted to collect the Debt from Plaintiff.

37. In its attempts to collect the debt allegedly owed by Plaintiff to BMD, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    d. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

    e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

  f. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

  g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

38. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

39. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DAVID LEWIS, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**DAVID LEWIS**

By: *[signature]*
David M. Marco
Attorney for Plaintiff

Dated: July 1, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com